UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JANETTE MALLETT, INDIVIDUALLY
AND ON BEHALF OF HER MINOR
CHILD, MINDY BERNARD

VERSUS

CHARLOTTE RUSSE, INC., ET AL

CIVIL ACTION

NO. 09-345-JVP-DLD

## RULING ON MOTION TO REMAND

This matter is before the court on a motion to remand by plaintiff, Janette Mallett, individually and on behalf of her minor child, Mindy Bernard (doc. 4). Defendant, Charlotte Russe, Inc., opposes the motion (doc. 5). Jurisdiction is at issue. There is no need for oral argument.

This personal injury lawsuit alleges that plaintiff and her minor daughter were patrons at defendant's clothing business. As mother and daughter exited the dressing room, the door "automatically and violently slammed shut," injuring the minor plaintiff's finger. As a result of the accident, the minor child is alleged to have suffered a "severed" finger, hand pain, and post-traumatic stress disorder.

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V.*

19th JDC

*Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The party seeking removal has the burden of proving either diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.*, 357 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008). The party seeking to establish diversity jurisdiction must prove the existence of amount in controversy. The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that the requisite amount was in controversy. *De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1412 (5th Cir. 1995)(*De Aguilar II*).

Having reviewed defendant's Notice of Removal and opposition to plaintiff's motion, the court concludes that defendant has failed to carry its burden on removal. Nowhere does defendant indicate whether plaintiff's use of the word "sever" means that the child's finger was actually detached from her hand *or* whether it was badly lacerated. The court is left with other questions, as well, none of which have adequately been answered by defendant. If the finger was detached, was it successfully reattached? If so, what is the current range of motion? Is the injured finger functional? Is it on the child's dominant hand? How old was the child at the time of the accident? Answers to these questions are, among others, pertinent to

the court's determination of the amount in controversy. Mere conclusory allegations in the notice of removal that the amount in controversy exceeds the jurisdictional minimum is insufficient to sustain jurisdiction. See, e.g., *Asociacion Nacional de Pescadores a Pequena Escala O Artesenales de Colombia, S. A. (" ANPAC") v. Dow Quimica de Colombia*, 988 F. 2d 559, 565-66 (5th Cir. 1993).

Accordingly, for the foregoing reasons, the motion to remand by plaintiff, Janette Mallett, individually and on behalf of her minor child, Mindy Bernard (doc. 4) is hereby **GRANTED** and this matter shall be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Baton Rouge, Louisiana, October 23rd, 2009.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA